UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>APPLEDEALS, LLC, a Georgia Limited Liability Company, PRINCE ARMAH, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 3:17-cv-05472-SI<br><br>[PROPOSED]<br>**PERMANENT INJUNCTION AND DISMISSAL**<br><br>**Honorable Susan Illston** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal ("Stipulation"), between Plaintiff ADOBE SYSTEMS INCORPORATED ("Plaintiff"), on the one hand, and Defendants APPLEDEALS, LLC, and PRINCE ARMAH (collectively "Defendants"), in *pro se*, on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendants as follows:

1. **PERMANENT INJUNCTION.** Defendants and any person or entity acting at their direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which he may exercise control, are hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") §1116(a) and 17 U.S.C. §502, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

a. copying, manufacturing, importing, exporting, marketing, purchasing, acquiring, offering for sale, selling, distributing or dealing in any product or service that uses, or otherwise making any use of, any unauthorized copies of Plaintiff's trademarks and copyrights, including but not limited to ADOBE®, ACROBAT® and/or CREATIVE SUITE® marks and works (collectively "Plaintiff's Trademarks and Copyrights"), and/or any Intellectual Property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

b. copying or downloading, other than for personal use of a validly licensed and registered software, of any software containing Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE®, ACROBAT®, and CREATIVE SUITE® marks and works and/or any Intellectual Property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights;

c. importing, exporting, marketing, purchasing, downloading, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of any original equipment manufacturer ("OEM") or educational/academic ("EDU") versions of Plaintiff's software;

d. importing, exporting, marketing, purchasing, downloading, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of any of Plaintiff's serial activation keys or numbers;

e. importing, exporting, marketing, purchasing, downloading, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of any of Plaintiff's products that are intended to be sold only outside of the United States of America or Canada;

f. performing or allowing others employed by or representing them, or under their control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's Trademarks and Copyrights, and/or Plaintiff's business reputation or goodwill;

g. engaging in any acts of federal and/or state trademark and/or copyright infringement, false designation of origin, unfair competition, dilution, or other act which would damage or injure Plaintiff;

h. using any Internet domain name or website that includes any of Plaintiff's Trademarks and Copyrights, including but not limited to the ADOBE®, ACROBAT® and CREATIVE SUITE® marks and works; and/or

i. applying to the Adobe Partner Connection Program or any other authorized reseller or distribution program sponsored or approved by Plaintiff or one of its agents. This prohibition includes any of the Defendants applying to such a program through any other business name or sales platform and/or using the information of any of Defendants' agents, servants, employees, partners, directors, officers, assignees, family members, or any others affiliated with Defendants. Any acceptance or approval by Plaintiff of an application made in violation of this provision shall not be construed as a waiver or modification of this explicit injunctive provision, unless the Parties jointly file a Stipulation with the Court seeking relief from this provision and the Court so orders.

2. Defendants are ordered to deliver immediately for destruction all unauthorized products, including counterfeit, EDU, OEM, or non-U.S./Canadian-intended versions of Plaintiff's software and related products, serial activation keys and cards, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of Plaintiff's intellectual property or any simulation, reproduction,

counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in Defendant's possession.

    3. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

    4. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendants.

    5. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of the underlying Confidential Settlement Agreement, upon which Defendants shall be making payments to Plaintiff, and this Permanent Injunction.

    6. **NO FEES AND COSTS.** Each party shall bear their own attorneys' fees and costs incurred in this matter.

    7. **DISMISSAL.** The Court hereby dismisses this action in its entirety. The Court hereby dismisses Defendants with prejudice upon entry of this Permanent Injunction.

    IT IS SO ORDERED, ADJUDICATED and DECREED this 23rd day of May 2018.

*(signature)*
HONORABLE SUSAN ILLSTON
United States Senior District Judge
Northern District of California

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham, LLP, 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On May 23, 2018, I served the within document(s):

[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL

- ☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.
- ☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.
- ☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.
- ☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

Prince Armah/Appledeals, LLC
12510 Jubal Ct.
Hagerstown, MD 21740

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 23, 2018, at Woodland Hills, California.

_____
CATHERINE BRANNAN